ABRAM D. PERRY, Admr., *v.* HALBERTIAN L. THOMAS, *et al.*

DECEMBER 3, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)   *Wills.*

The words of a will will be taken in their literal and ordinary import unless· . there is something in the context or attending circumstances which shows· that they were used in a different sense.

(2)   *Wills.   Construction.*

Testamentary devise "all the rest of my estate I give, devise and bequeath to my wife for and during her natural life—at her death whenever the same may occur 1 direct and bequeath the residue of my estate to—(his brother; his two sisters and two sisters-in-law) or their survivors share and share alike to them and to their heirs forever."

*Held,* that the word "survivors" was used in its ordinary sense.

*Held,* further, that the interest was not vested since it would be impossible before the death of the life tenant to ascertain to whom the residue would pass.

*Held,* further, that the brother as the only survivor of the persons named, was· entitled to the entire residue.

BILL FOR CONSTRUCTION OF WILL certified under Gen.. Laws, 1909, cap. 289, § 35.

VINCENT, J.   The complainant is the administrator, with the will annexed, upon the estate of Charles W. Perry, late· of Providence, who deceased February 10, 1904. The complainant seeks through his bill a construction of the· will of the said Charles W. Perry, and particularly that

portion embraced in the second paragraph thereof. It is admitted that the respondents named in the bill include all the heirs at law of the said Charles W. Perry, and the case is certified to us for our determination under the provisions of Section 35, Chapter 289 of the General Laws.

The will in the first paragraph provides for the payment of the testator's debts, the expenses of his last sickness and burial, and for the erection of a stone to mark his resting place.

The second paragraph, which we are called upon to construe, is as follows: "All the rest and residue of my estate of every name and nature real personal or mixed where ever the same may be locate or found of which I may die seized or possessed I give devise and bequeath to my wife Anna G. Perry for and during her natural life for her sole support and comfort and I direct that she may not be accountable to any one for the expenditure of the same at her death whenever the same may occur, I direct and bequeath the residue of my said estate to Abraham D. Perry (my brother) and Nancy C. Barnard—Elizabeth Sanford (my sisters) and Eliza Davis and Mary Clemence (sisters of my wife) or their survivors share and share alike to them and to their heirs forever."

The concluding paragraph of the will relates to the appointment of an executrix and gives directions as to bond, inventory, etc.

Nancy C. Barnard, a sister of the testator, and Eliza Davis, a sister of the testator's wife, Anna G. Perry, died before the testator, neither leaving husband or issue.

Elizabeth Sanford, a sister of the testator, died prior to the death of the testator, leaving two children, Halbertian L. Thomas and Elizabeth E. Ashley, but no husband.

Mary Clemence, the other sister of Anna G. Perry, the testator's wife, died before the testator, leaving two children, Thomas L. Clymonts and Mary A. Macomber, but no husband.

The only person therefore named in the second paragraph of the will and who survived the testator was the complainant, Abram D. Perry.

Upon the death of Charles W. Perry, the testator, the life estate passed to his wife, Anna G. Perry, and terminated with her death on December 1, 1914.

The bill prays the instructions of this court upon the following interrogatories, viz.:

"First:—On the death of Anna G. Perry did all the property pass to Abram D. Perry?

"Second:—On the death of Anna G. Perry did the property pass to Abram D. Perry, Halbertian L. Thomas and Elizabeth E. Ashley in the proportion of one share to Abram D. Perry and one share to Halbertian L. Thomas and Elizabeth E. Ashley?

"Third:—On the death of said Anna G. Perry did the property pass to Abram D. Perry, Halbertian L. Thomas, Elizabeth E. Ashley, Thomas S. Clymonts and Mary A. Macomber in the proportion of one share to Abram D. Perry, one share to Halbertian L. Thomas and Elizabeth E. Ashley and one share to Thomas S. Clymonts and Mary A. Macomber?

"Fourth:—And for such other instructions and relief as may seem meet and proper in the premises."

The question is, did the several parties named in the second clause of the will, as remainder men, take any vested interest in the estate upon the death of the testator and prior to the termination of the life estate of the wife, Anna G. Perry, therein?

It is unnecessary to discuss the well settled doctrine that in construing or interpreting a will the intent of the testator should be ascertained and should be controlling unless such construction should be in contravention of some established rule of law and it is also well settled, as stated by this court in *Bailey* v. *Brown*, 19 R. I. 669, that the words of a will will be taken in their literal and ordinary import unless there is something in the context or attending circumstances which shows that they were used in a different sense.

From a reading of the second paragraph in question it seems clear to us that it was the intention of the testator that after the death of his wife and the termination of her life estate, the residue of his estate should then vest in his brother, his two sisters and the two sisters of his wife, or in such of them as should be living at the death of his wife and the termination of her life estate. After devising the estate to his wife for life the testator says: "At her death, whenever the same may occur, I direct and bequeath the residue of my said estate to," etc.,—naming the brother, sisters and sisters-in-law before mentioned—and concluding the sentence with the words, "or their survivors to them and to their heirs forever."

We find nothing in the will which would indicate that the testator made use of the word "survivors" other than in its ordinary sense. The devise of the residue being to such of the persons named as might be living upon the death of the wife, Anna G. Perry, and the termination of her life estate, it naturally follows that it would be impossible, before that event, to ascertain to whom such residue would pass under the will. There can be no vested interest so long as the parties in whom it is to vest remain undetermined and cannot be ascertained.

We think that Abram D. Perry is entitled under the will of Charles W. Perry to the whole of the residuary estate and that the first interrogatory must be answered in the affirmative.

As this is decisive of the whole subject matter of the interrogatories propounded to us any specific answers to the remaining interrogatories are unnecessary.

The parties may present to this court a decree in accordance with this opinion.

*Arthur S. Johnson,* (*William B. Perry, Lester W. Jenney, George H. Potter,* of Massachusetts bar,) for complainant.

*Robinson & Robinson,* (*Solomon Rosenberg,* of Massachusetts bar,) for respondent.